# EXHIBIT "A"

Supreme Court of the State of New York
County of Suffolk

-----------------------------------------------------------------X
JOSEPH FERRARA,

                                 Plaintiff,

      -against-

COSTCO WHOLESALE CORPORATION,

                                Defendant.
-----------------------------------------------------------------X

Date of Filing:
INDEX NO.:

The Plaintiff designates Suffolk County as the place of trial. The basis of Venue is Plaintiff's residence: 128 Lincoln Drive, Oakdale, NY 11769

**Summons**

To the above-named Defendant(s):

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Hempstead, New York
              May 26, 2020

D/A:       07/24/2017

Yours, etc.,

**LAW OFFICES OF
ZEMSKY & SALOMON, P.C.**
Attorneys for Plaintiff(s)
Office & P.O. Address
33 Front Street, Suite 207
Hempstead, New York 11550
(516) 485-3800

**DEFENDANT'S ADDRESS:**
COSTCO WHOLESALE CORPORATION, C/O CT Corporation Systems, 28 Liberty Street, New York, NY 10005 and S.O.S pursuant to BCL.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X   Index #:
JOSEPH FERRARA,

                        Plaintiff,                  **COMPLAINT**

       -against-

COSTCO WHOLESALE CORPORATION,

                        Defendant.
---------------------------------------------------------------X

Plaintiff, by his attorneys, LAW OFFICES OF ZEMSKY & SALOMON, P.C., complaining of the defendant, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JOSEPH FERRARA

**FIRST:** That, at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Suffolk, State of New York.

**SECOND:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, principle place of business is the State of New York.

**THIRD:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was and still is a domestic corporation authorized to transact business in the State of New York.

**FOURTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was and still is a foreign corporation authorized to transact business in the State of New York.

**FIFTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was a proprietorship maintaining a place for the transaction of business in the State of New York.

**SIXTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, is a company maintaining a place for the transaction of business in the State of New York.

**SEVENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, is a partnership maintaining a place for the transaction of business in the State of New York.

**EIGHTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, is a business organization transacting business in the State of New York and maintains a place for the transaction of business in the State of New York.

**NINTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, actually transacted business in the State of New York.

**TENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was the owner of a certain store located at 125 Beacon Drive, County of Suffolk, State of New York.

**ELEVENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, its agents, servants

and/or employees operated a certain store located at 125 Beacon Drive, County of Suffolk, State of New York.

**TWELFTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, was a lessee of the aforesaid premises.

**THIRTEENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, maintained a certain store located at 125 Beacon Drive, County of Suffolk, State of New York.

**FOURTEENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, controlled a certain store located at 125 Beacon Drive, County of Suffolk, State of New York.

**FIFTEENTH:** That, upon information and belief and at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, managed a certain store located at 125 Beacon Drive, County of Suffolk, State of New York.

**SIXTEENTH:** That, it was the duty of the defendant, COSTCO WHOLESALE CORPORATION, its agents, servants and/or employees, to keep and to maintain the aforesaid premises, in a safe and proper condition for persons lawfully on and upon said premises.

**SEVENTEENTH:** That, plaintiff was an invitee upon said defendant's premises.

**EIGHTEENTH:** That at all times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, invited members of the general public to the aforesaid store for business purposes.

**NINETEENTH:** That, on or about the 24th day of July, 2017, at approximately 12:00 p.m., while this plaintiff was lawfully on and at defendant, COSTCO WHOLESALE CORPORATION 's premise, and exercising the degree of care for his own safety that a reasonably prudent person would have exercised under the same conditions, plaintiff was caused to be injured when he was struck by a steel cart being operated by an employee of the defendant due to the gross and wanton carelessness, recklessness and negligence of the defendants, and the otherwise dangerous and defective condition of the premises then and there existing.

**TWENTIETH:** That, said defendant had knowledge of the hazardous condition of said premises for same had existed for so long a period of time it could have informed itself of such condition in time to have made the said premise safe before the occurrence of the accident herein alleged.

**TWENTY-FIRST:** That, said defendant had knowledge of the hazardous condition of said premises as defendant actually created such condition through the actions of its agents, servants and/or employees.

**TWENTY-SECOND:** That, disregarding its said duty, the defendant, through its agents, servants, and/or employees, caused, allowed and permitted said premise to be and to remain in a dangerous condition creating a hazardous condition to

those lawfully thereat.

**TWENTY-THIRD:** That, on the aforesaid date, at the aforesaid location, this plaintiff was caused to be seriously and severely injured by reason of the aforementioned conditions existing thereat.

**TWENTY-FOURTH:** That, the said accident and the injuries sustained by this plaintiff were caused solely by the negligence of the defendant, as hereinbefore alleged, and without any negligence on the part of this plaintiff in any manner contributing thereto.

**TWENTY-FIFTH:** That, the aforesaid occurrence and injuries sustained therefrom were caused solely and wholly through and by reason of the carelessness, recklessness and negligence of the defendant through their agents, servants and/or employees; in failing and neglecting to maintain the premise in a reasonably safe condition; in failing and neglecting to operate the steel cart in question in a reasonably safe manner; in that defendant's agents, servants and/or employees failed to remove the aforesaid dangerous condition at the aforesaid premise when the defendant knew or should have known that members of the general public and invitees or others lawfully traversing said premise would be present which was a danger and nuisance to those lawfully and properly on and upon area of said premises; in that they failed to give any notice or warning of the danger to be apprehended; in that they failed to exercise due care and caution under the circumstances and conditions then prevailing; in that the defendant was further careless and negligent in failing to exercise due care and caution to

remedy the dangerous condition which had existed for an unreasonable length of time; and the defendant, through their agents, servants and/or employees were otherwise negligent and careless in failing and omitting to take proper and suitable precautions to avoid the said occurrence.

**TWENTY-SIXTH:** By reason of the foregoing plaintiff, JOSEPH FERRARA, has been damaged in the sum within the jurisdictional limits of this Court and for an amount in excess of the jurisdictional limits of the lower Courts of the State of New York

**WHEREFORE**, plaintiff demands judgment against the defendant(s) in the sum within the jurisdictional limits of this Court and for an amount in excess of the jurisdictional limits of the lower Courts of the State of New York together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

Dated: Hempstead, New York
May 26, 2020

          Yours, etc,
          LAW OFFICES OF
          ZEMSKY & SALOMON, P.C.
          By: _____
          Michael L. Salomon, Esq.
          Attorneys for Plaintiff
          33 Front Street, Suite 207
          Hempstead, New York 11550
          (516) 485-3800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
JOSEPH FERRARA,

    INDEX NO.:

        Plaintiff(s),

    CERTIFICATION
  - against -    PURSUANT TO SECTION
    130-1.1-A

COSTCO WHOLESALE CORPORATION,

        Defendant(s)
-----------------------------------------------------------------X

SIRS:

    PLEASE TAKE NOTICE, that the accompanying papers are being served pursuant to section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR):

SUMMONS AND COMPLAINT

Dated:    Hempstead, New York
          May 26, 2020

                      Yours, etc.,

                      LAW OFFICES OF
                      ZEMSKY AND SALOMON, P.C.

        BY:    _____
                      MICHAEL L. SALOMON, ESQ.
                      Attorney(s) for Plaintiff(s)
                      Office & P.O. Address
                      33 Front Street Suite 207
                      Hempstead, New York 11550
                      (516) 485-3800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

JOSEPH FERRARA,

Plaintiffs,

Index No.

( , J.)

- against -

COSTCO WHOLESALE CORPORATION,

Defendants.

## REDACTION COVER PAGE

CHECK ALL THAT APPLY:

- [x] The document filed contains no confidential personal information, as defined in 22 NYCRR 202.5(e).
- [ ] The document filed is REDACTED in accordance with 22 NYCRR 202.5(e).
- [ ] The document filed is UN-REDACTED in accordance with 22 NYCRR 202.5(e).
- [ ] (a) The document filed contains SSN (as authorized by the order specified below).
- [ ] (b) The document filed contains confidential personal information as defined under 22 NYCRR 202.5(e) (as authorized by the order specified below).
- [ ] This document was previously filed REDACTED. Date:
- [ ] This document was previously filed UN-REDACTED. Date:
- [ ] The document filed seeks a remedy under 22 NYCRR 202.5(e)(2).
- [ ] The document filed seeks a remedy under 22 NYCRR 202.5(e)(3).
- [ ] Additional information:

There is a previously filed order of the Court regarding this document:
○ yes / ● no

- [ ] Date of order:
- [ ] Date order filed:
- [ ] Other identifying information for such order:

The order of the Court is being filed with the redacted / un-redacted document: ○ yes / ○ no

- [ ] Date of order:
- [ ] Other identifying information for such order:

Signature of filer:
Print Name: MICHAEL SALOMON
Counsel appearing for: JOSEPH FERRARA (name of party)

Filer is Unrepresented / Pro se: ○ yes / ● no

Date: 05/26/2020